FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 01 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BARBARA BRUNO and JOSEPH BRUNO,

                              Plaintiffs,

      -against-

ZIMMER, INC., ZIMMER US, INC.,
ZIMMER BIOMET HOLDINGS, INC.
and ZIMMER CEP USA HOLDING CO.,

                              Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 15-6129

(Wexler, J.)

APPEARANCES:

    THE CLANCY LAW FIRM, P.C.
    BY:   Donna H. Clancy, Esq.
    Attorneys for Plaintiffs
    40 Wall Street, 61st Floor
    New York, NY 10005

    LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
    BY:   Wendy R. Fleishman, Esq.
            Kelly McNabb, Esq.
    Attorneys for Plaintiffs
    250 Hudson Street, 8th Floor
    New York, NY 10013

    FAEGRE BAKER DANIELS LLP
    BY:   Adrienne Franco Busby, Esq.
    Attorneys for Defendants
    300 North Meridian Street, Suite 2700
    Indianapolis, IN 46204

FAEGRE BAKER DANIELS LLP
BY:   Ll. Rhyddid Watkins, Esq.
Attorneys for Defendants
1700 Lincoln Street, Suite 3200
Denver, CO 80203

McCARTER & ENGLISH, LLP
BY:   Zane C. Riester, Esq.
Attorneys for Defendants
825 8th Avenue, 31st Floor
New York, NY 10019

WEXLER, District Judge:

Before the Court are Defendants' objections to the Report and Recommendation issued by Magistrate Judge Tomlinson on August 11, 2017 (the "R&R"), in which she recommended that Plaintiffs' motion for joinder to add Zimmer New England ("ZNE") and Zimmer Downstate New York ("ZDNY") as additional Defendants be granted and that this action be remanded to New York State court. For the reasons discussed below, Magistrate Tomlinson's R&R is adopted in its entirety and this action is remanded to New York State court for further proceedings.[1]

## BACKGROUND

This is a products liability action that arises out of Plaintiff Barbara Bruno's hip replacement surgery involving one or more implant devices manufactured by Defendants. By

---

[1] Judge Tomlinson's R&R further recommended that Plaintiffs' motion seeking to withdraw Zimmer CEP USA Holding Co. as a Defendant in this action be granted. As Judge Tomlinson noted, Defendants did not oppose that portion of Plaintiff's motion. Nor do they object to Judge Tomlinson's recommendation with respect to Zimmer CEP USA Holding Co. Accordingly, Plaintiffs' motion to withdraw Zimmer CEP USA Holding Co. as a Defendant is granted and the Clerk of the Court is directed to terminate Zimmer CEP USA Holding Co. from this action.

motion dated September 21, 2016, Plaintiffs sought leave to file a Second Amended Complaint in order to add two additional defendants and replead certain causes of action that were dismissed by the Court in its Memorandum and Order dated August 26, 2016. On August 11, 2017, Magistrate Judge Tomlinson issued a Memorandum and Order and a Report and Recommendation, which denied Plaintiffs' motion to amend to the extent that it sought to replead the dismissed causes of action. In the R&R portion of her decision, Judge Tomlinson recommended that Plaintiffs' motion to amend be granted to the extent that it sought to add ZNE and ZDNY as additional Defendants in this action. Judge Tomlinson noted that the addition of such Defendants would destroy diversity, which is the only basis for federal jurisdiction here. As such, Judge Tomlinson recommended that the action be remanded to New York state court. Defendants now object to Judge Tomlinson's R&R.

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Where, as here, a party timely objects to an R&R, the district court reviews those portions of the report to which the party objected de novo. See 28 U.S.C. § 636(b)(1)( C).

Pursuant to Rule 20 of the Federal Rules of Civil Procedure, joinder of defendants is permissible if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As Judge Tomlinson correctly found, the claims alleged in Plaintiffs' Second Amended Complaint are asserted against all Defendants, including ZNE and ZDNY, and all arise out of the same transaction or occurrence - Plaintiff Barbara Bruno's hip replacement and the resulting complications and injuries she alleges to have experienced. Accordingly, the Court finds the requirements of Rule 20 satisfied here, making joinder of ZNE and ZDNY proper.

The next issue is whether allowing the joinder of ZNE and ZDNY, which will destroy diversity, comports with "principles of fundamental fairness." Vanderzalm v. Sechrist Indus., 875 F. Supp. 2d 179, 184 (E.D.N.Y. 2012) (quoting Abraham Nat. Foods Corp. v. Mount Vernon Fire Ins. Co., 576 F. Supp. 2d 421, 425 (E.D.N.Y. 2008)). "Courts in this circuit consider four factors in making this determination[:] '(1) any delay, and [the plaintiff's] reasons, in moving to amend, (2) any resulting prejudice to defendants, (3) the likelihood of multiple litigation, and (4) the plaintiff's motivation in moving to amend.'" Vanderzalm, 875 F. Supp. 2d at 184 (quoting Gursky v. Nw. Mut. Life Ins. Co., 139 F.R.D. 279, 280 (E.D.N.Y. 1991)).

While there was a significant delay in moving to amend here - approximately eleven months - Plaintiffs provide a plausible explanation for the delay; that they only recently learned of certain instrumental facts through delayed disclosures from Defendants. (R&R 36.) Moreover, as Judge Tomlinson found, Defendants have failed to demonstrate any resulting prejudice other than time and money expended, which courts have routinely found does not rise to the level of prejudice necessary to defeat a motion to amend. See, e.g., Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir. 1993); Kirschenbaum v. Federal Ins. Co., 505 B.R. 126, 132

(E.D.N.Y. 2014). In addition, denying joinder here will undoubtedly result in multiple litigation since Plaintiffs will be forced to commence a separate state court action against ZNE and ZDNY. Finally, there is no evidence here that Plaintiffs' motive in seeking to join ZNE and ZDNY is solely to destroy diversity. Based on the foregoing, the Court agrees with Judge Tomlinson's recommendation that permitting the joinder of ZNE and ZDNY comports with fundamental fairness.

Defendants' objections to Judge Tomlinson's R&R offer nothing new for the Court to consider. They do not point to anything that Judge Tomlinson overlooked or dispute any of the law she relied on. Rather, they are simply a rehash of the arguments submitted to Judge Tomlinson in opposition to Plaintiffs' motion to amend, which she rejected in her well-reasoned and thorough decision. The Court finds no basis for rejecting the R&R.

## CONCLUSION

Based on the foregoing, and having reviewed Defendants' objections and Plaintiffs' submission in response, Magistrate Judge Tomlinson's R&R dated August 11, 2017 is hereby adopted in its entirety. Plaintiffs' request to join Zimmer New England and Zimmer Downstate New York as additional Defendants to this action is granted. As the joinder of these additional Defendants destroys diversity jurisdiction, this action is hereby remanded to New York State court. In addition, as stated supra at footnote 1, there being no opposition to Plaintiffs' request to withdraw Zimmer CEP USA Holding Co., that request is granted and Zimmer CEP USA Holding Co. is hereby terminated from this action.

The Clerk of the Court is directed to enter judgment accordingly, to remand this action to the appropriate New York state court, and to mark this case closed.

**SO ORDERED:**

Dated: Central Islip, New York
February 1, 2018

LEONARD D. WEXLER
United States District Judge